Effie F. Anastassiou, Esq. (SBN #96279)
ANASTASSIOU & ASSOCIATES
242 Capitol Street
Post Office Box 2210
Salinas, California 93902
Telephone: (831) 754-2501
Facsimile: (831) 754-0621
Email: EffieEsq@SalinasAgLaw.com

Attorneys for Plaintiff,
Karen Elizabeth Sims, aka Karrie Sims

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAREN ELIZABETH SIMS, AKA KARRIE SIMS, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL ENZ, an individual; CORISSA KING, an individual; ENZ VINEYARDS, INC., a California corporation; JAIMEE MODICA, an individual; ABBEY, WEITZENBERG, WARREN & EMERY, PC, a California professional corporation; and DOES 1-10 inclusive,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR:<br><br>1,) Violation of Computer Fraud and Abuse Act (18 U.S.C. § 1030);<br>2.) Violation of Stored Communications Act (18 U.S.C. §§ 2701-2712);<br>3.) Violation of California Comprehensive Computer Data Access and Fraud Act (Cal. Penal Code § 502);<br>4.) Invasion of Privacy (California Constitution, Art I, § 1);<br>5.) Intrusion Upon Seclusion;<br>6.) Intentional Infliction of Emotional Distress;<br>7.) Conversion;<br>8.) Trespass to Chattels; and<br>9.) Violation of Professional Conduct R. 4. |

**SUMMARY OF THE CASE**

1. This action arises from the unauthorized hacking into the longstanding personal Yahoo email accounts, which include enzvineyards@yahoo.com and vineyardrockproducts@yahoo.com (the "Hacked Email Accounts"), owned by Plaintiff KAREN ELIZABETH SIMS, AKA KARRIE SIMS, an individual ("Plaintiff" and/or "Karrie"), by her former employer, Defendant ENZ VINEYARDS, INC., a California corporation ("EVI"), and EVI's current President, Chief Financial Officer and Director, Defendant MICHAEL ENZ, an

individual ("Michael") and EVI's current administrative employee who reports to Michael, Defendant CORISSA KING, an individual ("Corissa") (collectively, EVI, Michael and Corissa are referred to herein as the "EVI Defendants"), which hacking by the EVI Defendants was facilitated by the unethical actions taken by the attorneys representing Michael in various pending litigation matters in San Benito Superior Court, which attorneys include Jaimee Modica, Esq. ("Modica"), Shareholder, Director and Registered Agent of Abbey, Weitzenberg, Warren & Emery, PC ("Abbey Law Firm"), and other attorneys and/or staff in the Abbey Law Firm working with Modica (collectively, Modica and the Abbey Law Firm are referred to as the "Law Firm Defendants") (collectively, the EVI Defendants and the Law Firm Defendants are referred to herein as the "Defendants").

2. On or about June 23, 2026, during a production of text messages responsive to discovery propounded by Michael and the Law Firm Defendants in conservatorship litigation pending in San Benito Superior Court, Plaintiff's counsel in that case, Lawrence Biegel, Esq. ("Biegel"), inadvertently produced a cell phone screenshot that displayed the password to the Yahoo email account vineyardrockproducts@yahoo.com to the Law Firm Defendants, which password was meant only to be provided to his computer consultant doing document searches for discovery purposes. ***Three days later***, on June 26, 2026, Plaintiff's Hacked Email Accounts experienced unauthorized access resulting in password and recovery credential changes and a lockout of Plaintiff to access to the Hacked Email Accounts. Plaintiff alleges that the Law Firm Defendants received the screenshot in discovery and then forwarded the password information to their client, Michael, to facilitate or enable the EVI Defendants' unauthorized hacking of Plaintiff's Hacked Email Accounts, which the Law Firm Defendants knew contained private and privileged information.

3. At the time that the hacking occurred, Michael and the Law Firm Defendants were well aware, because they had been directly so informed in emails previously sent from Biegel to the Law Firm Defendants, that the Hacked Email Accounts were Plaintiff's personal email

accounts and contained the Plaintiff's personal private files, including personal, financial, medical, familial, and photographic documents and information, as well as privileged information, including, without limitation, attorney-client communications (the "Private and Privileged Information").

4. In addition, since at least mid-March of 2026, the EVI Defendants became aware that the Hacked Email Accounts contained Private and Privileged Information, because at that time counsel for Defendant EVI, Arif Virgi, Esq. ("Virgi"), began negotiating directly with Plaintiff's counsel, Effie Anastassiou, Esq. ("Anastassiou"), in connection with business litigation pending in San Benito Superior Court, to obtain access to the Hacked Email Accounts in order to obtain ***only*** EVI business communications that were contained in the Hacked Email Accounts. Virgi and Anastassiou circulated proposed protocols for several months whereby the emails would be downloaded and then sorted for content, and all personal and attorney-client privileged communications removed from the production of EVI email to be delivered to EVI and Virgi, and all personal and attorney-client privileged communications segregated for delivery only to Anastassiou and Plaintiff. Modica was copied on the circulation of the protocols among counsel since at least May 14, 2026, and so Modica, and hence the Law Firm Defendants, were also directly aware of the sensitive Private and Privileged Information contained in the Hacked Email Accounts from the prior communications between Virgi and Anastassiou.

5. Subsequently, on June 5, 2026, negotiations for email sorting protocols came to a standstill, by virtue of an email sent by Virgi to Anastassiou, ***only five days after*** Modica reached an agreement on May 31, 2026 with Biegel to produce responsive emails to Michael's discovery requests in the conservatorship litigation from the Hacked Email Accounts through Biegel's computer consultant.

6. Plaintiff alleges, on information and belief, that attorney Modica and the Abbey Law Firm knowingly gave substantial assistance and encouragement to, and/or agreed and conspired with, the EVI Defendants to commit the tortious and statutory violations alleged herein, including unauthorized access to Plaintiff's accounts, misuse of Private and Privileged Information, conversion, and privacy invasions. Their assistance included receiving, retaining,

using, transmitting, and/or facilitating the use of the password obtained pursuant to the Inadvertent Text Message Picture by the EVI Defendants. Plaintiff further alleges that Modica, and other Law Firm Defendants, thereafter gave further assistance to the joint endeavor by knowingly receiving from their client, Michael, Private and Privileged Information which was obtained by the EVI Defendants from the Hacked Email Accounts, and then by thereafter using, or planning to use, the Private and Privileged Information in litigation matters pending in the San Benito County Superior Court (collectively, the "San Benito Matters") for litigation advantage, without disclosure of the source of their information to opposing counsels in any of those matters.

7. Plaintiff further alleges that despite their prior knowledge of the sensitive information contained in the Hacked Email Accounts, Defendants wrongfully stole Plaintiff's Private and Privileged Information from the Hacked Email Accounts residing on the Yahoo.com cloud server to obtain a litigation advantage with respect to the Plaintiff, in complete disregard of constitutional law, statutory law, and the common law, and applicable ethical and moral standards. Their corrupt conduct evidences a total disregard for the integrity of the judicial system. The Defendants each conspired with one another, and aided and abetted one another, to break the laws set forth in this Complaint regarding computer security, confidential information and privacy, as well as the common law claims set forth herein.

8. Plaintiff further alleges that Modica and the Law Firm Defendants, when acting individually and/or collectively, to receive, retain, transmit, and facilitate the use of the inadvertently produced password to obtain unauthorized access to Plaintiff's Hacked Email Accounts and Private and Privileged Information for litigation advantage, violated the requirements of California Rules of Professional Conduct Rule 4.4 ("Rule 4.4") and supporting case law and ethical standards, which required the Law Firm Defendants to promptly notify Biegel of the inadvertent production of the password, and then refrain from further review or use of the password, instead of providing the password to their client Michael so that the EVI Defendants could engage in cyber-fraud for litigation advantage.

\

\

## PARTIES

9. Plaintiff Karrie is an individual residing in San Benito County, at 7050 F Street, Tres Pinos, California 95075.

10. Defendant EVI is a California corporation with its principal place of business located in San Benito County at 1781 Limekiln Road, Hollister, California.

11. Defendant Michael is an individual who, on information and belief, resides in Monterey County, California and conducts business at EVI's principal place of business located in San Benito County at 1781 Limekiln Road, Hollister, California 95023, as EVI's President, Chief Financial Officer and Director.

12. Defendant Corissa is an individual who, on information and belief, resides in San Benito County, and who is an administrative employee who works at EVI's principal place of business located at 1781 Limekiln Road, Hollister, California 95023, and is supervised by Michael.

13. Defendant Modica is an individual who is an attorney licensed in California, and who, on information and belief, resides in in Sonoma County, California, and works and is a Shareholder, Director and Registered Agent at the Abbey Law Firm with an office in Santa Rosa, California, but who at all times relevant to this Complaint was working on legal matters which have been filed in the San Benito Superior Court.

14. Defendant Abbey Law Firm, known as Abbey, Weitzenberg, Warren & Emery, PC, is a Professional Corporation, owned by attorneys licensed in California, with its principal place of business in Santa Rosa, California, but who at all times relevant to this Complaint was working on legal matters which have been filed in the San Benito Superior Court.

15. Plaintiff does not know the true names and capacities of defendants sued herein as DOES 1–10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. On information and belief, DOES 1 to 10 are persons and/or entities whose identities are presently unknown who participated in, directed, aided and abetted, or benefitted from the unauthorized access, alteration,

acquisition, disclosure, transmission, and use of the Private and Privileged Information in Plaintiff's Hacked Email Accounts. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

16. All Defendants, both named and unknown, are legally responsible either directly or vicariously (under theories of agency, conspiracy, or aiding and abetting) for all of the illegal constitutional, statutory, and tortious conduct alleged in this Complaint, except for the violations of Rule 4.4 which are alleged against only the Law Firm Defendants.

## **JURISDICTION AND VENUE**

17. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the Stored Communications Act, 18 U.S.C. §§ 2701–2712. Supplemental jurisdiction exists over related state-law claims under 28 U.S.C. § 1367.

18. This Court has personal jurisdiction over EVI as EVI is incorporated to do business in California and its principal place of business is located in San Benito County at 1781 Limekiln Road, Hollister, California. Defendants Michael and Corissa work in San Benito County, California, and on information and belief Michael resides in Monterey County, California and Corissa resides in San Benito County, California. The Abbey Law Firm is incorporated to do business in California, and at all times relevant to this Complaint attorneys from the Abbey Law Firm, including Modica, were working on legal matters which have been filed in the San Benito County Superior Court in San Benito County, California.

19. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because Plaintiff resides in this District, Defendants conduct business in this District and/or reside in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## **FACTUAL ALLEGATIONS**

20. Since approximately 2004 (for enzvineyards@yahoo.com) and 2017 (for vineyardrockproducts@yahoo.com), Plaintiff has maintained the two Hacked Email Accounts as her private and personal email accounts, which now contain over two decades of Private and

Privileged Information.

21. On or about June 23, 2026, in connection with discovery responses and documents being produced on behalf of Plaintiff in response to discovery propounded by Michael in the matter entitled: *In re the Conservatorship of Susan Enz,* San Benito County Superior Court, Case No. PR-25-00072 (the "Conservatorship Matter"), Biegel, Plaintiff's counsel in that matter, provided a Dropbox link of Plaintiff's text messages on her cell phone that inadvertently contained a screenshot which contained Plaintiff's password for the Hacked Email Account vineyardrockproducts@yahoo.com (*see"* Inadvertent Text Message Picture" attached hereto as **Exhibit "1"**). The screenshot of the password had been provided to a computer consultant retained by Biegel in the Conservatorship Matter who used the password to gain access to Plaintiff's two Yahoo email accounts that Michael's counsel had demanded be electronically searched for potential communications that were responsive to Michael's discovery requests. The Inadvertent Text Message Picture displayed the password "1781Limekiln!" for the account vineyardrockproducts@yahoo.com.

22. At no time relevant herein did Plaintiff authorize Defendants to access the Hacked Email Accounts which were her personal email accounts. Indeed, that is why in the Conservatorship Matter Biegel had retained a computer consultant to do a search to produce non-confidential and non-privileged information from her texts and emails that were responsive to discovery requests, and to keep confidential Plaintiff's Private and Privileged Information.

23. Upon information and belief, the Law Firm Defendants obtained Plaintiff's email password from the Inadvertent Text Message Picture which was inadvertently produced in discovery by Biegel in the Conservatorship Matter, and, then, rather than sequestering and notifying Biegel of their receipt of the password, which they were required to do under the circumstances in which the password was received by the Law Firm Defendants, because they knew, or reasonably should have known, that the writing provided access to an email account containing privileged information, they instead provided the password information to their client, Michael, who then used it with the EVI Defendants to hack into the Hacked Email Accounts, and then the EVI Defendants wrongfully changed the passwords and credentials for the Hacked Email

Accounts into their own passwords and credentials, without any authorization whatsoever from Plaintiff, and with direct and pre-existing knowledge that many of the emails contained in the Hacked Email Accounts included the Private and Privileged Information.

24. The emails, and documents attached to the emails, which were obtained from the two Hacked Email Accounts included substantial amounts of Private and Privileged Information that Plaintiff never authorized Defendants to access or use.

25. On June 26, 2026, at 10:42 AM Plaintiff received a Yahoo security email reporting "security issues or suspicious activity" for enzvineyards@yahoo.com, and requesting that Plaintiff "please sign into your account and change your password." A true and correct copy of the Yahoo security email is attached hereto as **Exhibit "2"** and incorporated herein by reference. Plaintiff subsequently tried to change her password, and also tried to sign into her other Yahoo account, vineyardrockproducts@yahoo.com, to change the password, but was unable to do so on either account, and then realized that she had been locked out of both of her email accounts. It is not a coincidence that Plaintiff's lockout and Yahoo's suspicious-activity alerts occurred on June 26, 2026, ***only three days*** after the Inadvertent Text Message Picture was inadvertently produced to the Law Firm Defendants by Biegel.

26. Plaintiff promptly contacted Yahoo Support on June 26, 2026, at 11:32 AM, reported the problems with her two Hacked Email Accounts, and then worked with Yahoo Support on the issue for approximately 29 minutes, but with no resolution.

27. Plaintiff then proceeded to file a sheriff's report on the same day, June 26, 2026, at 3:45 PM, at the San Benito County Sheriff's Office ("Sheriff's Office"), reporting the cyber-crime relating to her two Hacked Email Accounts. Deputy Miller from the Sheriff's Office subsequently called the Plaintiff at 8:10 PM and informed her that her case had the following report number: Incident Report No. SB-2609018.

28. Plaintiff called Yahoo Support again on June 26, 2026 at 7:07 PM and spoke to that specialized unit about the issue for 9 minutes, and then again called Yahoo Support at 7:17 PM and spoke to that specialized unit for 48 minutes, again with no resolution, but with a promise that

she would get a security report from Yahoo Support by Monday, June 29, 2026. At approximately 9:13 PM, at the request of Yahoo Support, Plaintiff sent Yahoo her California ID photo.

29. On June 29, 2026, at 6:46 AM, Yahoo Support sent recovery options for the two Hacked Email Accounts to Plaintiff. Shortly thereafter, Plaintiff regained access briefly to the two Hacked Email Accounts, but lost access to both accounts after only about 90 minutes of use. Plaintiff then contacted Yahoo's Chat Support at 10:45 AM to try to regain access to the two Hacked Email Accounts, but Yahoo Chat Support was unable to again facilitate access to the Plaintiff to her two Hacked Email accounts.

30. On June 29, 2026, Plaintiff was able to gain access to Yahoo logs which showed multiple password and recovery changes on the two Hacked Email Accounts on June 26 and June 29, 2026, which included timestamps and the specific IP addresses performing the changes. Plaintiff saved screenshots of the Yahoo logs. The altered profile names and recovery credentials in the Yahoo logs tied the unauthorized activity with the two Hacked Email Accounts directly to the EVI Defendants. Both Yahoo accounts displayed the profile name "Michael Enz," *see* screen shot attached hereto as **Exhibit "3"** and incorporated herein by reference, while the recovery email address for both Yahoo accounts was changed to accounting@enzvineyard.com, an email account known to be used by the EVI Defendants, and the recovery phone number for both Yahoo accounts was changed to a cell number known to be used by Defendant Corissa. *See* screen shot attached hereto as **Exhibit "4"** and incorporated herein by reference with new recovery email address and new recovery phone number.

31. On June 29, 2026, at 10:36 PM, Plaintiff reported the cyber-crime involving the two Hacked Email Accounts to the FBI's Internet Crime Complaint Center and submitted a sworn IC3 Complaint, with a Submission ID: 4104ac3bd8454ca68eebdd59130aeb26, describing the Defendants' unauthorized access, password and recovery changes, and preserved logs relating to the Hacked Email Accounts (the "IC3 Complaint"). A true and correct copy of the IC3 Complaint is attached hereto as **Exhibit "5"** and incorporated herein by reference.

32. Subsequently, also on June 29, 2026, Plaintiff submitted a sworn Identity Theft

Report to the Federal Trade Commission to report the cyber-crime, describing the Defendants' unauthorized access, password and recovery changes, and preserved logs relating to the Hacked Email Accounts (the "Identity Theft Report"). A true and correct copy of the Identity Theft Report is attached hereto as **Exhibit "6"** and incorporated herein by reference.

33. To date, Plaintiff has been unable to regain access to her Hacked Email Accounts, despite repeated follow-up requests to Yahoo Support, after Plaintiff's short access on June 29, 2026. Based thereon, on July 4, 2026, Plaintiff made a request to Yahoo Support to put the Hacked Email Accounts into a temporary security hold while the matter was being investigated by law enforcement. Subsequently, on July 7, 2026, Plaintiff was able to confirm that the Hacked Email Accounts were in "disabled" status, due to the hacking activity.

34. Since July 7, 2026, Plaintiff has continued to make repeated follow-up requests to Yahoo Support to regain access to the Hacked Email Accounts, without success. Currently, the Hacked Email Accounts remain in disabled status. This means that the Defendants no longer have access to the Hacked Email Accounts, but neither does the Plaintiff.

35. The Defendants' unauthorized access and control over Plaintiff's Hacked Email Accounts during the period commencing on or about June 26, 2026, and continuing through on or about July 7, 2026, enabled the Defendants to view, acquire, copy and obtain the use of Plaintiff's Private and Privileged Information for nefarious purposes, including, without limitation, to use copies of the acquired Private and Privileged Information to gain an unfair and unlawful advantage in pending litigation among the parties in San Benito County Superior Court. Plaintiff alleges that Modica and the other Law Firm Defendants knowingly received such Private and Privileged Information from the Hacked Email Accounts through the EVI Defendants and have used, or seek to use, the Private and Privileged Information in San Benito County Superior Court matters for litigation advantage without disclosure to any opposing counsel that they obtained the hacked information.

36. As such, Defendants' unauthorized access to and use of Plaintiff's private emails and documents in the Hacked Email Accounts which contained Plaintiff's Private and Privileged Information constituted a serious invasion of Plaintiff's privacy.

37. Plaintiff did not authorize any person to change her passwords, alter recovery credentials, or access, download, disclose, or use her private email contents in the Hacked Email Accounts for any purpose whatsoever.

38. Defendants knew, or should have known, that accessing Plaintiff's Hacked Email Accounts using a password inadvertently produced in discovery to change passwords and credentials on Plaintiff's Yahoo email accounts, was unauthorized and unlawful. In addition, Plaintiff alleges that the conduct of Modica and the other Law Firm Defendants violated their professional duties and responsibilities that they had as attorneys under Rule 4.4, because they received and then authorized their client to use the Inadvertent Text Message Picture with the email password which was inadvertently produced to engage in cyber-crime for litigation advantage, rather than notifying the sender, Biegel, of his error, and then refraining from further review or use of the password.

39. As such, Defendants' conduct was intentional, willful, and in knowing disregard of Plaintiff's rights.

40. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer damages, including without limitation, invasion of privacy, emotional distress, embarrassment, humiliation, and loss of use of her Private and Privileged Information, among other harms, as well as other pecuniary and non-pecuniary harm.

**FIRST CAUSE OF ACTION**

*Computer Fraud and Abuse Act, 18 U.S.C. § 1030, et seq.*

41. Plaintiff realleges and incorporates by reference each and every allegation in all of the previous paragraphs in this Complaint, as if fully set forth herein, and specifically repeats and re-alleges the allegations.

42. Plaintiff's Yahoo accounts are maintained on a protected computer, namely the Yahoo.com cloud server which hosts Plaintiff's Hacked Email Accounts, which server is used in and affecting interstate commerce. Modica, and the other Law Firm Defendants, acting individually and in concert with the EVI Defendants, intentionally accessed Plaintiff's protected accounts without authorization, in order to obtain the Private and Privileged Information from the

protected computer, in violation of 18 U.S.C. § 1030(a)(2)(C).

43. Plaintiff alleges that when the Inadvertent Text Message Picture of a screenshot containing a live password was received by Modica and the other Law Firm Defendants in discovery, that they knew or should have known that use of those credentials to access Plaintiff's Hacked Email Accounts was unauthorized and unethical, and would result in access to the Private and Privileged Information, but that they nonetheless used, transmitted, and/or enabled use of those credentials by providing them to their client, Michael, which allowed the EVI Defendants to change passwords and recovery credentials to obtain the Private and Privileged Information, causing Plaintiff's lockout and loss of use of the Hacked Email Accounts. Plaintiff alleges Modica and/or the Law Firm Defendants shared the password information with their client and/or the other EVI Defendants, and that all the Defendants knew of and/or participated in the illegal access and cyber-crime which occurred ***only three days*** after the inadvertent production of the password.

44. By means of such unauthorized access, Defendants obtained information from the protected computer, the Yahoo.com cloud server, specifically emails, documents, and other private communications and materials containing Private and Privileged Information belonging to Plaintiff.

45. Defendants' conduct occurred within the last two years and violated 18 U.S.C. § 1030(a)(2)(C).

46. As a result, Plaintiff has suffered loss or damages within the meaning of 18 U.S.C. § 1030(e)(11), in an amount to be determined at trial, including time spent investigating and responding to the intrusion, communications with Yahoo Support, private computer technical support, law enforcement reporting, and efforts to regain account control, which during a one-year period or less aggregated at least $5,000 in value. Plaintiff engaged in multiple support contacts with Yahoo Support, made reports to the San Benito County Sheriff’s Office, the FBI, and the Federal Trade Commission, and preserved logs and screenshots documenting the unauthorized access and changes to passwords and credentials for the Hacked Email Accounts.

47. Plaintiff is entitled to compensatory damages and injunctive and other equitable relief under 18 U.S.C. § 1030(g), in an amount to be proven at trial, including orders prohibiting

Defendants from further accessing or using Plaintiff's Hacked Email Accounts and requiring return or destruction of all improperly obtained materials, including, without limitation, all of Plaintiff's Private and Privileged Information.

48. Defendants' conduct was willful and intentional, and the acts alleged herein were done with malice, oppression and/or fraud, and were engaged in, authorized and/or ratified on behalf of the EVI Defendants by Michael, the President, Chief Financial Officer and Director of EVI, and were engaged in, authorized and/or ratified on behalf of the Law Firm Defendants by Modica, a Shareholder, Director and Registered Agent of the Abbey Law Firm. Accordingly, Plaintiff is entitled to punitive damages against each of the Defendants, jointly and severally.

## SECOND CAUSE OF ACTION

*Stored Communications Act, 18 U.S.C. §§ 2701-2712*

49. Plaintiff realleges and incorporates by reference each and every allegation in all of the previous paragraphs in this Complaint, as if fully set forth herein, and specifically repeats and re-alleges the allegations.

50. Yahoo provides an electronic communication service and remote computing service through facilities from which Plaintiff's electronic communications were stored in electronic storage. The Defendants, acting individually and/or in concert with others, intentionally accessed, without authorization, such facilities and thereby obtained, altered, and/or prevented authorized access by Plaintiff to Plaintiff's electronic communications in electronic storage, in violation of 18 U.S.C. § 2701.

51. On information and belief, the Law Firm Defendants transmitted and/or facilitated the use of the password shown in the Inadvertent Text Message Picture by their client, Michael, and/or other EVI Defendants, in order for the Defendants to obtain access to Plaintiff's Hacked Email Accounts and the Private and Privileged Information. Granting access to the password to the EVI Defendants also allowed the EVI Defendants to change passwords and recovery information, thereby preventing Plaintiff's access to the Hacked Email Accounts. Plaintiff's lockout began on June 26, 2026, ***only three days*** after the inadvertent production of the screenshot containing the password to the Law Firm Defendants.

52. Defendants intentionally accessed, without authorization, facilities through which an electronic communication service is provided—Yahoo's systems—and thereafter obtained, altered, and/or prevented authorized access by Plaintiff to electronic communications in electronic storage.

53. Defendant's conduct violated 18 U.S.C. § 2701.

54. Defendants engaged in these violations with knowing and intentional states of mind.

55. Defendants' violations were willful and intentional, and the acts alleged herein were done with malice, oppression and/or fraud, and were engaged in, authorized and/or ratified on behalf of the EVI Defendants by Michael, the President, Chief Financial Officer and Director of EVI, and were engaged in, authorized and/or ratified on behalf of the Law Firm Defendants by Modica, a Shareholder, Director and Registered Agent of the Abbey Law Firm. Accordingly, Plaintiff is entitled to punitive damages against each of the Defendants, jointly and severally, pursuant to 18 U.S.C. § 2707.

56. Plaintiff is also entitled to actual damages, statutory damages, equitable relief including return/destruction and prohibitions on further use of the Private and Privileged Information, and reasonable attorneys' fees and costs. Plaintiff's accounts contained her Private and Privileged Information, including, without limitation, attorney-client communications, attorney work product and confidential settlement communications relating to pending litigation between the Defendants and the Plaintiff in San Benito County Superior Court.

**THIRD CAUSE OF ACTION**

*California Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code §502*

57. Plaintiff realleges and incorporates by reference each and every allegation in all of the previous paragraphs in this Complaint, as if fully set forth herein, and specifically repeats and re-alleges the allegations.

58. Defendants knowingly and without permission accessed, caused to be accessed, and/or aided and abetted access to Plaintiff's Private and Privileged Information, and took, copied, and made use of such data from a computer, specifically, the Yahoo.com cloud server, and

knowingly, and without permission, took, copied, and made use of Plaintiff's data in the Hacked Email Accounts, in violation of Cal. Penal Code § 502(c).

59. Plaintiff suffered damage and loss, including disruption and denial of access to her Hacked Email Accounts, invasion of privacy, time and expense to investigate and remediate, and potential harm from the Defendants' misuse in pending litigation of her data, which contains Private and Privileged Information. Plaintiff lost access to her Hacked Email Accounts on June 26, 2026, with only brief access for 90 minutes three days later, and then subsequent loss of access again, after obtaining preserved logs of password and recovery changes deliberately made by the Defendants.

60. Each of the Defendants engaged in the violations with a knowing and intentional state of mind, including the EVI Defendants, who were represented by Michael, EVI's President, Chief Financial Officer and Director, and the Law Firm Defendants, who were represented by Modica, a Shareholder, Director and Registered Agent of the Abbey Law Firm.

61. Plaintiff seeks compensatory damages, injunctive relief, and attorneys' fees under Cal. Penal Code § 502(e), in an amount to be proven at trial.

## **FOURTH CAUSE OF ACTION**

*Invasion of Privacy, Cal. Const. Art. I, § 1*

62. Plaintiff realleges and incorporates by reference each and every allegation in all of the previous paragraphs in this Complaint, as if fully set forth herein, and specifically repeats and re-alleges the allegations.

63. Plaintiff had a reasonable expectation of privacy and a legally protected privacy interest in the contents of her personal Hacked Email Accounts, which contain the Private and Privileged Information. More specifically, Plaintiff's personal Hacked Email Accounts contain, *inter alia*, personal private files, including personal, financial, medical, familial, and photographic documents and information, as well as privileged information, including, without limitation, attorney-client communications, attorney work product, and confidential settlement communications, accumulated over more than 20 years.

64. Defendants have intentionally intruded upon Plaintiff's privacy by gaining

unauthorized control, viewing, obtaining and/or using the Private and Privileged Information contents in her Hacked Email Accounts, for the purpose of leveraging those contents for use in litigation, which is highly offensive and unjustified.

65. Plaintiff has suffered harm from the Defendants' actions, including mental anguish, embarrassment, loss of control over private information, and risk of dissemination of the Private and Privileged Information in a public forum during the course of litigation.

66. Defendants acted with reckless disregard based on the fact that a reasonable person would find the invasion of Plaintiff's privacy highly offensive.

67. Plaintiff seeks compensatory damages in an amount to be proven at trial for the invasion of her privacy.

68. In addition, because Defendants' invasion of Plaintiff's privacy was willful and intentional, and the acts alleged herein were done with malice, oppression and/or fraud, and were engaged in, authorized and/or ratified on behalf of the EVI Defendants by Michael, the President, Chief Financial Officer and Director of EVI, and on behalf of the Law Firm Defendants by Modica, a Shareholder, Director and Registered Agent of the Abbey Law Firm, Plaintiff is also entitled to punitive damages against each of the Defendants, jointly and severally.

**FIFTH CAUSE OF ACTION**

*Intrusion Upon Seclusion*

69. Plaintiff realleges and incorporates by reference each and every allegation in all of the previous paragraphs in this Complaint, as if fully set forth herein, and specifically repeats and re-alleges the allegations.

70. Defendants intentionally intruded, and/or aided and abetted intrusion, into Plaintiff's personal Hacked Email Accounts without consent, in a manner highly offensive to a reasonable person, causing damages including emotional distress and loss of control over private information.

71. Plaintiff had a reasonable expectation of privacy in her personal Hacked Email Accounts and their contents.

72. Plaintiff seeks damages in an amount to be proven at trial for the intrusion upon

her seclusion, including, without limitation, damages for her anxiety, embarrassment, humiliation, shame, depression, feelings of powerlessness, and anguish, based on her ongoing anxiety on how the Defendants will wrongfully use her Private and Privileged Information, her shame at the exposure of her intimate details, and a sense of powerlessness arising from the loss of control over her deeply personal information. In addition, Plaintiff seeks disgorgement of any net profits that the Defendants derived from the use of the Private and Privileged Information in litigation attributable to their conscious interference with the Plaintiff's protected interests in her privileged information.

73. In addition, because Defendants' intrusion upon Plaintiff's seclusion was willful and intentional, and the acts alleged herein were done with malice, oppression and/or fraud, and were engaged in, authorized and/or ratified on behalf of the EVI Defendants by Michael, the President, Chief Financial Officer and Director of EVI, and on behalf of the Law Firm Defendants by Modica, a Shareholder, Director and Registered Agent of the Abbey Law Firm, Plaintiff is also entitled to punitive damages against each of the Defendants, jointly and severally.

## **SIXTH CAUSE OF ACTION**

*Intentional Infliction of Emotional Distress*

74. Plaintiff realleges and incorporates by reference each and every allegation in all of the previous paragraphs in this Complaint, as if fully set forth herein, and specifically repeats and re-alleges the allegations.

75. Defendants engaged in extreme and outrageous conduct by intentionally accessing Plaintiff's personal Hacked Email Accounts, in order to obtain her Private and Privileged Information, with the intent to use those illegally obtained materials in pending litigation against the Plaintiff.

76. In taking such actions, Defendants intended to cause Plaintiff emotional distress or acted with reckless disregard of the probability of causing Plaintiff emotional distress.

77. Plaintiff suffered severe emotional distress as a direct and proximate result of Defendants' conduct.

78. Defendants' conduct exceeded all bounds of decency tolerated in a civilized

society.

79. Plaintiff seeks damages in an amount to be proven at trial for the Defendants' intentional infliction of emotional distress.

80. In addition, because Defendants' intentional infliction of emotional distress was willful and intentional, and the acts alleged herein were done with malice, oppression and/or fraud, and were engaged in, authorized and/or ratified on behalf of the EVI Defendants by Michael, the President, Chief Financial Officer and Director of EVI, and on behalf of the Law Firm Defendants by Modica, a Shareholder, Director and Registered Agent of the Abbey Law Firm, Plaintiff is also entitled to punitive damages against each of the Defendants, jointly and severally.

**<u>SEVENTH CAUSE OF ACTION</u>**

*Conversion*

81. Plaintiff realleges and incorporates by reference each and every allegation in all of the previous paragraphs in this Complaint, as if fully set forth herein, and specifically repeats and re-alleges the allegations.

82. Plaintiff had a right to possession and control over her Hacked Email Accounts and their contents, including without limitation the Private and Privileged Information.

83. Plaintiff owned and possessed personal property in the form of emails, documents, and other electronic information contained in her personal Hacked Email Accounts.

84. Defendants wrongfully exercised dominion over those Hacked Email Accounts and contents by first wrongfully obtaining the password to the Hacked Email Accounts, when there was an inadvertent disclosure made by Biegel to the Law Firm Defendants, who then failed to return or even notify Biegel of the Inadvertent Text Message Picture, as they were required to do, but who instead provided the password to their client, Michael, in order to obtain access to the Plaintiff's Private and Privileged Information, to obtain a litigation advantage; and then by the EVI Defendants, when they obtained access to the Plaintiff's Private and Privileged Information, and provided the information to the Law Firm Defendants, and then altered passwords and credentials to the Hacked Email Accounts which prevented access by the Plaintiff to her email accounts. Actions taken by the EVI Defendants resulted in Plaintiff's recovery email for the

Hacked Email Accounts being changed to accounting@enzvineyard.com, an email account known to be used by the EVI Defendants, and the recovery phone number being changed to a cell number known to be used by the Defendant Corissa, and the accounts displaying the name "Michael Enz," with loss of access to Plaintiff to the Hacked Email Accounts beginning on June 26, 2026, and continuing through this date.

85. Defendants' exercise of dominion and control over the Hacked Email Accounts was unauthorized and substantially interfered with Plaintiff's rights in her property.

86. As a direct and proximate result of Defendants' conversion, Plaintiff has suffered general and special damages described in Cal. Civil Code § 3336, in an amount to be determined according to proof at trial.

87. In addition, because Defendants' conversion was willful and intentional, and the acts alleged herein were done with malice, oppression and/or fraud, and were engaged in, authorized and/or ratified on behalf of the EVI Defendants by Michael, the President, Chief Financial Officer and Director of EVI, , and on behalf of the Law Firm Defendants by Modica, a Shareholder, Director and Registered Agent of the Abbey Law Firm, Plaintiff is also entitled to punitive damages against each of the Defendants, jointly and severally.

## EIGHTH CAUSE OF ACTION

*Trespass to Chattels*

88. Plaintiff realleges and incorporates by reference each and every allegation in all of the previous paragraphs in this Complaint, as if fully set forth herein, and specifically repeats and re-alleges the allegations.

89. Each of the Defendants intentionally and without authorization, either acted directly, or gave substantial assistance to, and/or agreed and conspired with, other Defendants, to knowingly interfere with Plaintiff's possessory interests in her Hacked Email Accounts containing Private and Privileged Information, impairing the condition, quality, and value of her Hacked Email Accounts, and depriving her of use of her Hacked Email Accounts, causing Plaintiff harm as herein alleged. Plaintiff lost complete access to the Hacked Email Accounts, and only briefly regained access before losing it again, and to date she has not been able to recover access to the

Hacked Email Accounts.

90. As a direct and proximate result of Defendants' trespass to chattels based on their accessing the Hacked Email Accounts, the Plaintiff has suffered damages relating to her loss of use of the Hacked Email Accounts and time and money spent on responding to the Defendants' cyber-crimes, in an amount to be determined according to proof at trial.

**NINTH CAUSE OF ACTION**

*Violation of California Rules of Professional Conduct Rule 4.4*

*By Law Firm Defendants*

91. Plaintiff realleges and incorporates by reference each and every allegation in all of the previous paragraphs in this Complaint, as if fully set forth herein, and specifically repeats and re-alleges the allegations.

92. California Rules of Professional Conduct Rule 4.4, titled "Duties Concerning Inadvertently Transmitted Writings", requires that where it is reasonably apparent to a lawyer who receives a writing relating to a lawyer's representation of a client that the writing was inadvertently sent or produced, and the lawyer knows or reasonably should know that the writing is privileged or subject to the work product doctrine, the lawyer must refrain from examining the writing any more than is necessary to determine that it is privileged and must promptly notify the sender. Rule 4.4 reflects decisional case law, including, without limitation, the precepts set forth in *State Comp. Ins. Fund v. WPS, Inc.,* 70 Cal. App. 4th 644 (1999), and *Rico v. Mitsubishi Motors Corp.,* 42 Cal. 4th 807(2007), and related California authorities, which impose duties on receiving counsel and authorizes remedies including return, sequestration, deletion, and, where warranted, disqualification.

93. Plaintiff alleges that Modica and the Law Firm Defendants violated Rule 4.4 by receiving the Inadvertent Text Message Picture containing the Plaintiff's password for her Yahoo email account, which was inadvertently produced in discovery by Biegel, and, rather than sequestering and notifying Biegel of their receipt of the password, which they were required to do under the circumstances in which the password was received by the Law Firm Defendants, because they knew, or reasonably should have known, that the writing provided access to an email

account containing privileged information, they instead provided the password information to their client, Michael, who used it with the EVI Defendants to obtain unauthorized access to Plaintiff's Hacked Email Accounts, and then to obtain the Plaintiff's Private and Privileged Information, and pass it on to the Law Firm Defendants, as more fully set forth above.

94. As a result of these violations by Modica and the Law Firm Defendants, and the risk of prejudice to the Plaintiff from Modica's and the Law Firm Defendants receipt and use in pending litigation in San Benito County Superior Court of Plaintiff's Private and Privileged Information obtained from the Hacked Email Accounts, Plaintiff seeks equitable relief including, without limitation: (a) return, sequestration, and destruction of all Private and Privileged Information and any derivative material obtained by any of the Defendants from the Hacked Email Accounts; (b) orders prohibiting any use or dissemination of any such materials from the Hacked Email Accounts in this case, in any matter currently pending or filed in the future in San Benito County Superior Court, or in any matter currently pending or filed in the future in any other judicial forum, whether in federal court, state court, or administrative forum; and (c) disqualification of Modica and the Law Firm Defendants from participation in this action as counsel of record for any of the Defendants.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants, jointly and severally, as follows:

a) Awarding Plaintiff damages for time and out-of-pocket costs incurred by Plaintiff to investigate and remediate the harm caused by the Defendants, for the loss of access and control to the Hacked Email Accounts, in an amount of at least $5,000, according to proof, and for the litigation prejudice suffered by Plaintiff from Defendants' use of improperly obtained Private and Privileged Information in pending litigation, including disgorgement of any net profits that the Defendants derived from the use of the Private and Privileged Information in litigation attributable to their conscious interference with the Plaintiff's protected interests in her private and/or privileged information, in an amount according to proof;

b) Awarding Plaintiff actual and compensatory damages in an amount to be proven at trial, including economic damages and non-economic damages for invasion of privacy, emotional distress, embarrassment, humiliation, anxiety, shame, depression, feelings of powerlessness, and anguish, among other harm;

c) Awarding Plaintiff statutory damages as permitted under 18 U.S.C. §§ 2701–2712 and Cal. Penal Code § 502, in an amount according to proof;

d) Awarding Plaintiff punitive and exemplary damages as permitted by law, in an amount sufficient to punish each of the Defendants and deter similar conduct in the future;

e) Awarding Plaintiff her reasonable attorneys' fees and costs where authorized by statute, including, without limitation, under 18 U.S.C. § 2707 and Cal. Penal Code § 502(e), in an amount according to proof;

f) Awarding Plaintiff prejudgment and post-judgment interest as permitted by law, in an amount according to proof;

g) Granting injunctive and equitable relief including: an order requiring immediate cessation of Defendants' access and use of the Hacked Email Accounts; an order requiring identification, return, and certified destruction of all Private and Privileged Information obtained by Defendants from Plaintiff's Hacked Email Accounts; an order prohibiting any use or dissemination of the Private and Privileged Information in any pending or future litigation in any judicial forum, whether federal, state or administrative; an order prohibiting Modica and the Law Firm Defendants from representing any of the other Defendants in the instant litigation; and appropriate protective order relief;

h) Awarding Plaintiff her costs of suit, in an amount according to proof;

i) Granting such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 10, 2026

Anastassiou & Associates

By: Effie F. Anastassiou

Effie F. Anastassiou, Esq.
Attorneys for Plaintiff Karen Sims, aka Karrie Sims